UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAQISHA BOSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 10480 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ENVOY AIR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Laqisha Boswell brought this *pro se* suit against her former employer, Envoy Air, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that she was denied a promotion and ultimately terminated due to her race and color and in retaliation for complaining about discrimination. Doc. 14. The court granted summary judgment to Envoy and entered final judgment. Docs. 90-92 (reported at 2018 WL 6839857 (N.D. Ill. Dec. 31, 2018)). Now before the court is Envoy's bill of costs, which seeks $2,195.43 under Civil Rule 54(d)(1) and 28 U.S.C. § 1920. Doc. 93. Boswell opposes any cost award on the ground that she is indigent; in the alternative, she objects to certain entries in Envoy's bill. Doc. 95. Boswell's indigence defense fails, her specific objections to Envoy's bill are sustained in part and overruled in part, and Envoy is awarded $1,975.43 in costs.

### I. Boswell's Indigence Defense

Rule 54(d)(1) "provides that, '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (alteration in original) (quoting Fed. R. Civ. P. 54(d)(1)). A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F.

1

App'x 298, 301 (7th Cir. 2012); *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). Like most presumptions, this one can be overcome, and "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted).

*Rivera* directs district courts to undertake a two-step analysis when presented with an indigence defense to a cost award:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted).

Boswell provides no "documentation" or "evidence" to support her indigence defense, *Rivera*, 469 F.3d at 635, other than noting that the court in January 2017 granted her *in forma pauperis* application, Doc. 95 at 2-3; *see* Doc. 7. The mere fact that Boswell was granted pauper status is insufficient to meet her burden. Settled precedent holds that "an award of costs is proper even when the unsuccessful litigant [was] allowed to proceed *in forma pauperis* … ." *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999); *see also Rivera*, 469

F.3d at 635. As the Seventh Circuit has explained, "[a] plaintiff's indigenc[e] … does not require the court to automatically waive costs to" her, as "[t]he statute dealing with in forma pauperis status expressly provides for awarding 'costs at the conclusion of the suit or action as in other cases.'" *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (quoting 28 U.S.C. § 1915(f)(1)); *see also Bell v. Bd. of Educ. of Proviso Twp. High Sch. Dist. 209*, 662 F. App'x 460, 463 (7th Cir. 2016) ("[P]overty does not *require* a court to deny awarding costs."). Boswell's indigence as of January 2017 does not establish that she "is incapable of paying the court-imposed costs at this time or in the future," *Rivera*, 469 F.3d at 635 (internal quotation marks omitted), and her failure to submit evidence of her current financial status precludes her from satisfying *Rivera*'s first step. *See Cote v. Stuecker*, 547 F. App'x 778, 779 (7th Cir. 2013) ("District courts have discretion to deny costs if the losing party is unable to pay, but a litigant asserting indigence must furnish proof of his inability to pay.") (citations omitted); *McGill*, 18 F.3d at 460 (holding that although the plaintiff "was and is presently indigent," he failed to show "on the record that [he] will not ever be able to pay the order imposing costs"); *Fairley v. Andrews*, 2008 WL 961592, at *4 (N.D. Ill. Apr. 8, 2008) (St. Eve, J.) ("[E]ven though the [plaintiff's] househol[d] expenses are more than their present income, [he] has not provided sufficient documentation that he cannot pay the costs of the lawsuit in the future … .").

Even assuming (incorrectly) that Boswell could satisfy the first step of the *Rivera* analysis, she fails to set forth legal authority or developed argument, Doc. 95 at 2-3, regarding the considerations central to *Rivera*'s second step—the "amount of costs," her "good faith, and the closeness or difficulty of the issues." *Bell*, 662 F. App'x at 463 (quoting *Rivera*, 469 F.3d at 635). As a result, Boswell forfeits any argument she might have made under the second step of the *Rivera* analysis. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency,*

*Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("[I]t is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard.") (internal quotation marks omitted). Even setting aside forfeiture, Boswell's suit did not present "clos[e] and difficul[t]" issues, *Rivera*, 469 F.3d at 635, as Envoy proffered "plainly legitimate and nondiscriminatory" reasons for her non-promotion and termination, 2018 WL 6839857, at *6-7, and the complaint underlying her retaliation claim did not "so much as mentio[n] race, color, or any other protected characteristic," *id*. at *9. *See Bell*, 662 F. App'x at 464 ("The case was not close, as the district court correctly decided that no reasonable jury could find in [the plaintiff's] favor."). Accordingly, because Boswell does not satisfy either step of the *Rivera* analysis, her indigence defense fails.

## II. Boswell's Objections to Envoy's Bill

A court awarding costs pursuant to Rule 54(d)(1) must ask first "whether the cost imposed on the losing party is recoverable" under § 1920 and, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) "[f]ees of the clerk and marshal"; (2) fees for "transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "[d]ocket fees"; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs."

4

*Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citations and internal quotation marks omitted).

As noted, Boswell objects to certain costs that Envoy seeks to recoup. Doc. 95 at 2. Specifically, Boswell objects that: (1) the costs incurred by Envoy to obtain medical records and deposition transcripts "are not authorized, or are excessive and not justified"; and (2) the court reporter appearance fee for her deposition is "unreasonable." *Ibid*.

A. **Deposition Transcripts and Medical Records**

Envoy seeks $1,755.43 for costs associated with obtaining Boswell's medical records ($284.48) and the transcripts of her and Danielle Griffin's depositions ($1,470.95). Doc. 93-2 at 1, 4, 6; Doc. 93-3 at 2, 4, 6. By failing to cite pertinent legal authority to support her argument that the costs of deposition transcripts and medical records are not recoverable, Boswell forfeits the point. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 n.3 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority, … forfeits the point.") (internal quotation marks omitted). Even setting aside forfeiture, the Seventh Circuit has held that both types of costs are recoverable under § 1920. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (holding that the cost of a "stenographic transcript of [a] deposition" used "to support [a] motion for summary judgment" is recoverable under § 1920(2)); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (affirming an award of costs under § 1920(4) for "copies of medical records" that were "necessarily obtained for use in the case").

Although Boswell asserts that the requested costs are "excessive," Doc. 95 at 2, her objection is "wholly unsupported by developed argument citing the record and supporting authority, and [is] thus forfeited." *Wine & Canvas Dev., LLC v. Muylle*, 868 F.3d 534, 538 (7th

Cir. 2017). Accordingly, Envoy may recover $1,755.43 in costs for Boswell's and Griffin's deposition transcripts and Boswell's medical records.

### B. Court Reporter Appearance Fee

Envoy also seeks $440.00 for the court reporter appearance fee for Boswell's full-day deposition. Doc. 93-2 at 1-2. Boswell objects that the fee is "unreasonable." Doc. 95 at 2.

Local Rule 54.1(b) provides in pertinent part: "Court reporter appearance fees may be awarded in addition to the per page [transcript] limit, but the fees shall not exceed the published rates on the [Northern District of Illinois] website unless another rate was previously provided by order of court." N.D. Ill. L.R. 54.1(b). This court did not authorize court reporter appearance rates beyond those allowed by Local Rule 54.1(b), which are "$110 for one half day (4 hours or less), and $220 for a full day" of deposition. *Wilson v. Career Educ. Corp.*, 2016 WL 1719770, at *3 (N.D. Ill. Apr. 29, 2016) (internal quotation marks omitted); *see also Bellamy v. City of Chicago*, 2017 WL 3675729, at *18 (N.D. Ill. Aug. 25, 2017) ("A prevailing party may also recover fees paid to the court reporter for his or her attendance, but these fees cannot exceed $110.00 for a half day (four hours or less) and $220.00 for a full day.") (citing N.D. Ill. L.R. 54.1(b)). Envoy's invoice reflects that Boswell's deposition took eight hours. Doc. 93-2 at 2. Envoy therefore can recover a court reporter appearance fee for only one full day, or $220.00.

### Conclusion

Boswell's indigence defense fails, and her objections to Envoy's bill of costs are sustained in part and overruled in part. Envoy's bill for $2,195.43 is reduced by $220.00, resulting in a total cost award of $1,975.43.

July 2, 2019

United States District Judge